Filed 11/17/22  In re D.M. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re D.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>D.M.,<br><br>    Defendant and Appellant. | A164363<br><br>(Solano County<br>Sup. Ct. No. J44703) |

MEMORANDUM OPINION[1]

In 2019, the People filed a juvenile wardship petition charging D.M. with grand theft of personal property, murder, robbery, and conspiracy; it also alleged he personally and intentionally discharged a firearm causing death.  The People moved to transfer D.M. from juvenile court to a criminal court.  (Welf. & Inst. Code, § 707, subd. (a)(1), undesignated statutory references are to this code.)  The court granted the motion after finding the

---

[1] Consistent with the California Standards of Judicial Administration, section 8.1, subdivision (1), we conclude this case is properly resolved through a memorandum opinion.

1

preponderance of the evidence established D.M. was not a suitable candidate for treatment under the juvenile court system.

While D.M.'s appeal[2] was pending, the Governor signed Assembly Bill No. 2361 (2021–2022 Reg. Sess.), requiring the prosecution to demonstrate by *clear and convincing evidence*, rather than preponderance of the evidence, that "the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court" before transferring a minor's case to adult criminal court. (Stats. 2022, ch. 330, §1; § 707, subd. (a)(3).) It further requires a court ordering a transfer to recite the basis for its decision, including the reasons supporting its finding "that the minor is not amenable to rehabilitation while under" the juvenile court's jurisdiction. (*Ibid.*)

In their supplemental briefs, the parties agree these amendments, effective January 1, 2023, will apply retroactively to D.M. because his case will not be final when the law takes effect. We likewise agree. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 306–308; *In re Estrada* (1965) 63 Cal.2d 740, 744–745.) We therefore reverse and remand for a new hearing and determination on the motion to transfer D.M. consistent with new legislation. (*People v. Garcia* (2018) 30 Cal.App.5th 316, 324–325.) The new hearing must occur after Assembly Bill No. 2361 becomes effective on January 1, 2023. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 973 [remanding matter for hearing to occur after effective date of new legislation].)

---

[2] Assembly Bill No. 624 (2021–2022 Reg. Sess.) authorized a defendant to appeal, not just pursue writ relief, from a juvenile court's transfer decision if the notice of appeal is filed, as it was here, within 30 days. (Stats. 2021, ch. 195, § 1, eff. Jan. 1, 2022; § 801, subd. (a).)

**DISPOSITION**

The order is reversed.  The matter is remanded to the juvenile court for a new hearing to occur after January 1, 2023.

_____
Rodríguez, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Fujisaki, J.


A164363